IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY R. HOPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-940-SMY-PMF |
| ) | |
| JUSTIN D. BRYANT, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are plaintiff's motions seeking preliminary injunctive relief, a temporary restraining order, or an order to show cause (Doc. Nos. 87, 89). In this civil rights case, plaintiff Tracy Hopkins is challenging the conditions of his prison confinement between April and June, 2012. In these motions, Hopkins maintains that someone in the prison's accounting department has been deducting excessive sums from his trust fund account in violation of the September 24, 2013, Order. That Order (Doc. No. 13) directs the collection of a filing fee and requires monthly payments of 20% of the preceding month's income credited to his trust fund account. See 28 U.S.C. § 1915(b)(2). Similar orders were entered in Hopkins' other civil case, *Hopkins v. Klindworth*, 13-939-MJR-SCW (once for the $350 filing fee and once for the $455 appeal fee).

Upon review of the trust fund account statements and other records, the motions lack merit. Filing fees for multiple cases cumulate. *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). A prisoner who files one suit must remit 20% of his monthly income to the Clerk until his fees have been paid; a prisoner who files a second suit or appeal must remit 40%; and so on. *Newlin*, 123 F.3d at 436. Menard Correctional Center has not made enough deductions from Hopkins' trust fund account. For example, Hopkins' income for the month of June, 2014, was $100. In July, 2014, his trust

fund balance exceeded ten dollars, yet the payment made to the Clerk was $20 when it should have been $60 (20% of 100 for each of the three fee assessments).  Similarly, plaintiff's income for October, 2014, was $100.  In November, 2014, his balance exceeded ten dollars, yet the payment made was $20.  Again, the payment to the Clerk should have been $60 (20% of $100 for each of the three fee assessments).

IT IS RECOMMENDED that the motions (Doc. Nos. 87, 89) be DENIED.  If this recommendation is adopted, the Clerk should be directed to forward a copy of this report to the trust fund officer at Menard Correctional Center.

**SUBMITTED:**   February 4, 2015 .

   s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**