IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRACY R. HOPKINS,

        Plaintiff,

vs.

JUSTIN D. BRYANT, *et al.*,

        Defendant.

Case No. 13-cv-940-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 91) of Magistrate Judge Philip M. Frazier recommending this Court deny Plaintiff Tracy R. Hopkins' Motion for Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (Doc. 87) and Supplemental Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 89). For the following reasons, the Court adopts the R & R and denies Plaintiff's motions.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because Plaintiff has objected (Docs. 94 & 95) to the R & R, the Court will undertake a *de novo* review.

Plaintiff, who has multiple fee assessments from this Court, alleges that someone in the prison's accounting department has been deducting excessive sums from his trust fund account in violation of this Court's Order (Doc. 13) that orders Plaintiff to submit 20% of his preceding month's income until his filing fee is paid in full. Plaintiff seeks an injunction to stop the withdrawals in violation of the Order.

After a review of Plaintiff's trust fund account statements, Magistrate Judge Frazier concluded that Menard Correctional Center had not made enough deductions from Plaintiff's account. The Court, citing to *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997) (finding § 1915(b)(2) requires simultaneous payment of multiple fee assessments), explained that "[a] prisoner who files one suit must remit 20% of his monthly income to the Clerk until his fees have been paid; a prisoner who files a second suit or appeal must remit 40%; and so on" (Doc. 91, p. 1). For instance, in June 2014 Plaintiff's income was $100, and Menard Correctional Center forwarded $20 to the Clerk. Based on Plaintiff's three fee assessments, however, Menard Correctional Center should have forwarded $60 to the Clerk.

Plaintiff argues that Magistrate Judge Frazier misconstrues *Newlin* because his interpretation would result in a 100% deduction of Plaintiff's income if Plaintiff filed five cases. Plaintiff argues that a reading of the statute to permit a 100% deduction of Plaintiff's income would violate a prisoner's constitutional right to access the courts. In support of his argument, Plaintiff cites to cases outside of the Seventh Circuit that have found § 1915(b)(2) calls for sequential rather than simultaneous deductions of fees for multiple lawsuits.

The Court recognizes the circuit split on whether § 1915(b)(2) calls for sequential or simultaneous collection of the 20% fee where there are multiple fee assessments. Courts finding § 1915(b)(2) calls for sequential deductions have cited to § 1915(b)(2)'s legislative history and

the potential constitutional questions posed by simultaneous deductions. *See Torres v. O'Quinn*, 612 F.3d 237 (4th Cir. 2010); *Whitfield v. Scully*, 241 F.3d 264 (2d Cir. 2001) (recognizing that simultaneous deductions "pose[s] a serious constitutional quandary as to whether an unreasonable burden had been placed on the prisoner's right of meaningful access to the courts"). Other courts have determined that § 1915(b)(2) calls for simultaneous deductions based on either the plain language or legislative intent. *See Pinson v. Samuels*, 761 F.3d 1, 8 (D.C. Cir. 2014); *Christensen v. Big Horn Cnty. Bd. of Cnty Comm'rs*, 374 F. App'x 821 (10th Cir. 2010); *Atchison v. Collins*, 288 F.3d 177, 180 (5th Cir. 2002); *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609, 612 (8th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997). This Court, however, is bound by the Seventh Circuit's interpretation of § 1915(b)(2) that

> [a] prisoner who files one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40 percent, and so on. Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid . . . .

*Newlin*, 123 F.3d at 436. As such, Magistrate Judge Frazier did not misconstrue the Seventh Circuit's instructions on the payment of filing fees where there are multiple cases and/or appeals.

For the foregoing reasons, the Court **ADOPTS** the R & R (Doc. 91) and **DENIES** Plaintiff's motions (Doc. 87 & 89).

**IT IS SO ORDERED.**

**DATED:** March 4, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**